# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | TASHAYNA KING, | ) |
| | Plaintiff, | ) |
| | | ) |
| | | ) |
| v. | | ) |
| | | ) |
| (1) | BOARD OF COUNTY | ) |
| | COMMISSIONERS FOR THE | ) |
| | COUNTY OF TULSA, | ) |
| | | ) |
| (2) | VIC REGALADO, in his official | ) |
| | capacity as Sheriff of Tulsa County, | ) |
| | | ) |
| (3) | TURN KEY HEALTH CLINICS, LLC | ) |
| | | ) |
| (4) | JOHN DOES 1-10, | ) |
| | | ) |
| | Defendants. | ) |

Case No. *19-CV-00051-CVE-FHM*

**Removed from Tulsa County**
**District Court**
**Case No. CJ-2018-03245**
**Judge Rebecca Brett Nightingale**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants, Board of County Commissioners for the County of Tulsa ("BOCC") and Vic Regalado, in his official capacity as Sheriff of Tulsa County ("Regalado"), by and through their undersigned counsel, hereby remove the above-captioned action currently pending in the District Court of Tulsa County, Oklahoma to the United States District Court for the Northern District of Oklahoma. In support of this Notice of Removal, BOCC and Regalado state as follows:

1.      Plaintiff filed her Petition against Defendants in the District Court for Tulsa County, Oklahoma, on August 3, 2018 (the "State Court Action"). A true and correct copy of the Petition is attached hereto as Exhibit "A."

2.      On January 15, 2019, BOCC and Regalado were each served with a Summons and a copy of the Petition. True and correct copies of the Summons served on BOCC and Regalado are attached hereto as Exhibits "B" and "C," respectively.

3.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of the receipt by BOCC and Regalado of a copy of Plaintiff's Petition.

4.      Plaintiff delivered to Defendant Turn Key Health Clinics, LLC a Dismissal Without Prejudice on January 28, 2019.  The Dismissal is not yet reflected on the state court docket as being filed of record.  A true and correct copy of the Dismissal Without Prejudice is attached as Exhibit "D."

5.      Plaintiff issued discovery requests to BOCC and Turn Key Health Clinics, LLC, which were served on Defendants on January 15, 2019, attached hereto as Exhibit "E." No further process, pleadings, or motions have been served, and no further proceedings have been had in this action. Pursuant to LCvR 81.2, a copy of the state court case summary docket sheet is attached hereto as Exhibit "F."

6.      BOCC and Regalado are filing a Status Report of Removed Action contemporaneously with the filing of this Notice of Removal.

7.      Removal of this action by BOCC and Regalado from the District Court of Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma is proper under 28 U.S.C. § 1441(a), which permits removal of an action over which a District Court of the United States would have original jurisdiction. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants district courts original jurisdiction of all civil actions "arising under the Constitution, treaties, or laws of the United

States." 28 U.S.C. § 1331. Plaintiff asserts a claim under 42 U.S.C. § 1983. (Petition, Ex. A). This claim arises under the laws of the United States.

8.      Plaintiff also asserts claims for common law negligence and a violation of due process. (*See* Petition, Ex. A, ¶¶ 24-30). Because Plaintiff's claims are part of the same case and controversy giving rise to Plaintiff's claims under the 42 U.S.C. § 1983, they fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9.      In accordance with 28 U.S.C. § 1446(d), BOCC and Regalado are promptly filing a copy of this Notice of Removal with the Clerk of the District Court for Tulsa County, Oklahoma. BOCC and Regalado are also providing written notice to Plaintiff by serving this Notice of Removal upon Plaintiff's counsel.

10.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Northern District of Oklahoma embraces Tulsa County, the place where the action was pending prior to the filing of this Notice of Removal.

WHEREFORE, Defendants BOCC and Regalado hereby remove the above-captioned action from the District Court of Tulsa County, State of Oklahoma, to the District Court for the Northern District of Oklahoma, and respectfully request that further proceedings be conducted in this Court as provided by law.

DATED this 30th day of January, 2019.

Respectfully submitted,


/s/ Jo Lynn Jeter
**Joel L. Wohlgemuth**, OBA #9811
**Jo Lynn Jeter**, OBA #20252
**Barrett L. Powers**, OBA #32485
**NORMAN WOHLGEMUTH CHANDLER JETER
BARNETT & RAY, P.C.**
2900 Mid-Continent Tower
401 South Boston Ave.
Tulsa, OK 74103
(918) 583-7571
(918) 584-7846 facsimile

**ATTORNEYS FOR DEFENDANTS,
BOARD OF COUNTY COMMISSIONERS
OF TULSA COUNTY, OKLAHOMA,
AND SHERIFF VIC REGALADO**

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019, I caused a true and correct copy of this document to be placed in the United States mail, first class postage fully pre-paid, addressed to:

Steven J. Terrill
J. Spencer Bryan
Bryan & Terrill Law, PLLC
9 East 4th Street, Suite 307
Tulsa, OK 74103


/s/ Jo Lynn Jeter
**Jo Lynn Jeter**



**IN THE DISTRICT COURT FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| (1) | TASHAYNA KING, | **CJ-2018-03245** |
| | Plaintiff, | |
| | | Case No.: _____ Rebecca Brett Nightingale |
| v. | | |
| (2) | BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF TULSA, | |
| | | **DISTRICT COURT** |
| (3) | VIC REGALADO, in his official Capacity as Sheriff of Tulsa County, | **F I L E D** |
| | | AUG - 3 2018 |
| (4) | TURN KEY HEALTH CLINICS, LLC, | DON NEWBERRY, Court Clerk STATE OF OKLA. TULSA COUNTY |
| (5) | JOHN DOES 1-10, | |
| | Defendants. | |

---

**PETITION**

---

Plaintiff, Tashayna King, ("King") for her cause of action against the above named Defendants, would state as follows:

<u>PARTIES, JURISDICTION, VENUE</u>

1.    Tashayna King is a resident and citizen of Tulsa County, Oklahoma.

2.    The Board of County Commissioners for the County of Tulsa ("BOARD") is the legislative entity responsible for the actions of county employees. *See* 19 O.S. § 4. BOARD is liable under state law for the actions of county employees under a theory of *respondeat superior* consistent with the common law principles set forth by the Oklahoma Supreme Court in *Baker v. Saint Francis Hosp.*, 2005 OK 36, 126 P.3d 602,

**EXHIBIT A**

made applicable to the BOARD here pursuant to the Oklahoma Supreme Court decision in *Bosh v. Cherokee County Governmental Building Authority*, 305 P.3d 994 (Okla. 2013).

3.      Vic Regalado, in his official capacity ("REGALADO"), is the proper party for federal constitutional claims arising out of the operational aspects of the Tulsa County Jail and deprivations based upon official policies, procedures, customs, and usages found therein.

4.      Turn Key Health Clinics, LLC ("TURN KEY") is an Oklahoma for-profit corporation that is contracted to provide health care services to inmates at the David L. Moss Criminal Justice Center ("DLMCJC"). TURN KEY generates profits for its shareholders by taking in more money for healthcare than it pays out.

5.      Within one year of the incident date, KING served BOARD with a Notice of Tort Claim, and served TURN KEY with a Title 57 Notice. More than 90 days have passed since notice was provided, and neither TURN KEY nor the BOARD has resolved any of the claims asserted in this Petition.

6.      JOHN DOES 1-10 include currently unidentified employees of BOARD in charge of operating the jail and TURN KEY employees, agents, or representatives in charge of providing medical care at the jail.

### STATEMENT OF FACTS

7.      TURN KEY has a business model that generates revenue through governmental contracts. Through these contracts, TURN KEY assumes responsibility for the government's obligation to provide Healthcare Services to people who are not free to seek out healthcare for themselves.

2

8.     To obtain these contracts, TURN KEY submits bids to government vendors like BOARD. If awarded the contract, TURN KEY provides Healthcare Services in return for payment by the government vendor.

9.     For TURN KEY to achieve positive revenue from its contract, TURN KEY must provide Healthcare Services at a net profit.

10.    To achieve net profits, TURN KEY implements policies, procedures, customs, or practices to reduce the cost of Healthcare Services in a manner that will maintain or increase its profit margin.

11.    There are no provisions in TURN KEY's contract with BOARD creating or establishing any mandatory minimum expenditure for the provision of Healthcare Services.

12.    TURN KEY's contract with BOARD incentivizes cost-cutting measures in the delivery of Healthcare Services at the DLMCJC to benefit TURN KEY's shareholders.

13.    Records indicate that KING was booked into the DLMCJC on September 24, 2016.

14.    Upon arrival at DLMCJC, KING disclosed to both correctional and medical personnel that she was had a nephrostomy tube attached to her kidneys for a chronic medical condition related to the functioning of her kidneys.

15.    KING was processed into the DLMCJC and assigned to a general population housing unit.

16.     Upon information and belief, KING's classification and assignment to general population was inappropriate in light of her chronic health needs, and further violated well accepted classification standards.

17.     While in general population, KING's nephrostomy tube was stepped on and destroyed by another inmate. Due to the condition of the tube, KING was forced to remove it.

18.     KING made repeated requests for care and help for her medical condition to both correctional and medical staff, but she was ignored.

19.     TURN KEY and staff at DLMCJC knew of KING's prior diagnosis and treatment history from the Intake Screening Form completed on September 24, 2016, and from her disclosures to staff at DLMCJC, but they exhibited indifference to that history in the classification and treatment withheld from her.

20.     Immediately upon her release from DLMCJC, KING presented to the emergency room at Hillcrest Medical Center ("Hillcrest") where it was discovered that KING had just 8% function in her left kidney. KING was also diagnosed with sepsis and an ureteropelvic junction obstruction.

21.     Despite continuing treatment, KING'S condition continued to worsen and it was determined that KING's left kidney was essentially non-functional.

22.     On November 21, 2016, KING underwent a left nephrectomy and had her left kidney entirely removed.

23.     KING remained at Hillcrest until November 27, 2016.

**STATEMENT OF CLAIMS**

**NEGLIGENCE**
**COMMON LAW**
**TURN KEY HEALTH CLINICS**

4

24.    KING hereby adopts and incorporates by reference the preceding paragraphs as if fully set forth herein.

25.    TURN KEY owed a duty of reasonable care in the management of KING's medical condition consistent with its contract.

26.    TURN KEY breached that duty through the conduct detailed above, which includes, but is not limited to, the failure to conduct a complete receiving screening, the failure to base the classification recommendation upon a complete receiving screening, and the failure to provide adequate medical attention for a chronic and emergent need.

27.    KING suffered permanent damage as a direct and proximate result of these acts or omissions, for which TURN KEY is liable.

<div align="center">

**DUE PROCESS**
***BOSH* CLAIM**
**BOARD**

</div>

28.    KING hereby adopts and incorporates by reference the preceding paragraphs as if fully set forth herein.

29.    The BOARD is exempt from liability for all of KING's claims arising under the GTCA. Consequently, KING is entitled to pursue a remedy against the BOARD directly under the state constitution for the acts or omissions of county employees acting within the scope of employment.

30.    The facts alleged herein are sufficient to establish a deprivation of due process as it relates to the acts or omissions of currently unidentified jail staff for which the BOARD is liable.

<div align="center">

**DELIBERATE INDIFFERENCE**
**42 U.S.C. § 1983**
**COUNTY**

</div>

31.   KING hereby adopts and incorporates by reference the preceding paragraphs as if fully set forth herein.

32.   At all times relevant herein, COUNTY's employees JOHN DOE 1-10 were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures of the COUNTY.

33.   KING was wrongfully denied adequate medical attention at the facility operated by the COUNTY as a direct result of the policies and procedures in place at the facility.

34.   COUNTY operated, or allowed the DLMJC to operate, with little or no regard for the safety and well-being of individuals housed in the facility with chronic and emergent medical needs with indifference to the consequences in violation of the Fourteenth Amendment.

**JOHN DOES 1-10**

35.   KING hereby adopts and incorporates by reference the preceding paragraphs as if fully set forth herein.

36.   Upon information and belief, JOHN DOES 1-10 had actual knowledge that KING was suffering from an objectively serious medical condition, and despite that knowledge, and with indifference to the consequences, JOHN DOES 1-10 either did nothing to address or respond to the emergent medical condition, or their actions were so inadequate that they were not reasonably tailored to address the objectively serious medical condition confronting them.

37.   The failure of JOHN DOES 1-10 to provide adequate medical care to KING prolonged her suffering and caused permanent injury, for which JOHN DOES 1-10 are liable.

**REQUEST FOR RELIEF**

38.    KING respectfully requests the Court grant judgment upon the claims detailed above, and award damages in an amount that exceeds $75,000.00

Respectfully submitted,

BRYAN & TERRILL

By: _____

Steven J. Terrill, OBA # 20869
J. Spencer Bryan, OBA # 19419
BRYAN & TERRILL LAW, PLLC
9 East 4th St., Suite 307
Tulsa, OK 74103
Tele:  (918) 935-2777
Fax:   (918) 935-2778
Email: jsbryan@bryanterrill.com
Email: sjterrill@bryanterrill.com

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

See TG-2017-53                    CW98018-00

A873

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
### STATE OF OKLAHOMA

(1)   TASHAYNA KING,

     Plaintiff,

v.

    **CJ -2018-03245**

    Case No.:   Rebecca Brett Nightingale

(2)   BOARD OF COUNTY
  COMMISSIONERS FOR THE
  COUNTY OF TULSA;

(3)   VIC REGLADO, in his official capacity
  As Sheriff of Tulsa County;

(4)   TURN KEY HEALTH CLINICS, LLC;

(5)   JOHN DOES 1-10;

     Defendants.

RECEIVED

JAN 15 2019

BY:DN

### SUMMONS

To the above-named Defendant(s):   BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF TULSA

  You have been sued by the above-named plaintiff(s), and you are directed to file a written answer to the attached cross petition in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service.  Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer the petition within the time stated judgment will be rendered against you with the costs of the action.

  If Interrogatories and Request for Production of Documents are served with this Petition, you are directed to answer the Interrogatories and produce the documents requested within **forty-five (45) days** after service of these Interrogatories and Request for Production of Documents.

Issued this 3 day of 8 , 2018.

**DON NEWBERRY, Court Clerk**

          , Court Clerk

by ............................, Deputy Court Clerk

(Seal)

### EXHIBIT B

5

Attorney(s) for Plaintiff(s):

Name:         BRYAN & TERRILL LAW, PLLC
Address:      9 E. 4th St., Ste. 307
              Tulsa, OK 74103
              (918) 935-2777


This summons was served on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                              (Date of Service)

                                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                        (Signature of person serving summons)


YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR
YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY
BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

## RETURN OF SERVICE
## PERSONAL SERVICE

I Certify that I received the foregoing summons on the _____ day of _____, 2017, and that I

delivered a copy of said summons with a copy of the petition attached to each of the following named defendants

personally in _____ County at the address and on the date set forth opposite each name, to wit:

| Name of Defendant: | Address: | Date of Service: |
|---|---|---|
| . . . . . . . . . . . . . . . . . . . . | . . . . . . . . . . . . . . . . . . . . . . | . . . . . . . . . . . . . . |
| . . . . . . . . . . . . . . . . . . . . | . . . . . . . . . . . . . . . . . . . . . . | . . . . . . . . . . . . . . |
| . . . . . . . . . . . . . . . . . . . . | . . . . . . . . . . . . . . . . . . . . . . | . . . . . . . . . . . . . . |

### FEES

Fee for service $_____, Mileage $_____, Total $_____
Dated this _____ day of _____, 2017.

Process Server:

By:_____

_____County, Oklahoma

## RETURN OF SERVICE
## USUAL PLACE OF RESIDENCE

I certify I received the foregoing summons on the . . . . . . . . . day of . . . . . . . . . . . . . . . . . . . . . . . . . .,

2012, and that on . . . . . . . . . . ., I served . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . by leaving a copy of

said summons with a copy of the petition attached at . . . . . . . . . . . . . . . . . . . . . . . . . . . which is his usual place of

residence, with . . . . . . . . . . . . . . . . . ., a person over fifteen (15) years of age who resides therein.

## RETURN OF SERVICE
## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following

named defendant(s) at the address shown by certified mail, addressee only, return receipt requested on the . . . . . . . . .

day of . . . . . . . . . . . . . . . . . ., 2012, and receipt thereof on the dates shown:

| Name of Defendant: | Address: | Date of Service: |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| | | _____ |

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

(1)    TASHAYNA KING,

                Plaintiff,

v.

Case No.: CJ 18- 3245

(2)    BOARD OF COUNTY
        COMMISSIONERS FOR THE
        COUNTY OF TULSA;

(3)    VIC REGLADO, in his official capacity
        As Sheriff of Tulsa County;

(4)    TURN KEY HEALTH CLINICS, LLC;

(5)    JOHN DOES 1-10;

                Defendants.

### SUMMONS

To the above-named Defendant(s):   VIC REGALDO, in his Official Capacity as Sheriff of Tulsa County

      You have been sued by the above-named plaintiff(s), and you are directed to file a written answer to the attached cross petition in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service.  Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer the petition within the time stated judgment will be rendered against you with the costs of the action.

      If Interrogatories and Request for Production of Documents are served with this Petition, you are directed to answer the Interrogatories and produce the documents requested within **forty-five (45) days** after service of these Interrogatories and Request for Production of Documents.

Issued this _10_ day of _aug_, 2018.

                    DON NEWBERRY, Court Clerk

                                    , Court Clerk

by................................................, Deputy Court Clerk

(Seal)

**EXHIBIT C**

Attorney(s) for Plaintiff(s):

Name:        BRYAN & TERRILL LAW, PLLC
Address:     9 E. 4th St., Ste. 307
             Tulsa, OK 74103
             (918) 935-2777

This summons was served on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                    (Date of Service)

                                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                        (Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR
YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY
BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

**RETURN OF SERVICE**
**PERSONAL SERVICE**

I Certify that I received the foregoing summons on the _____ day of _____, 2017, and that I

delivered a copy of said summons with a copy of the petition attached to each of the following named defendants

personally in _____ County at the address and on the date set forth opposite each name, to wit:

Name of Defendant:                Address:                Date of Service:

. . . . . . . . . . . . . . . . . . . .        . . . . . . . . . . . . . . . . . . .      . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . .        . . . . . . . . . . . . . . . . . . .      . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . .        . . . . . . . . . . . . . . . . . . .      . . . . . . . . . . . . .

**FEES**

Fee for service $_____, Mileage $_____, Total $
Dated this _____ day of _____, 2017.

                                      Process Server:
                                      By:_____
                                               _____County, Oklahoma

**RETURN OF SERVICE**
**USUAL PLACE OF RESIDENCE**

I certify I received the foregoing summons on the . . . . . . . . day of . . . . . . . . . . . . . . . . . . . . . . . . . . .,

2012, and that on . . . . . . . . . . ., I served . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . by leaving a copy of

said summons with a copy of the petition attached at . . . . . . . . . . . . . . . . . . . . . . . . . . . . which is his usual place of

residence, with . . . . . . . . . . . . . . . . . ., a person over fifteen (15) years of age who resides therein.

**RETURN OF SERVICE**
**CERTIFICATE OF SERVICE BY MAIL**

I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following

named defendant(s) at the address shown by certified mail, addressee only, return receipt requested on the . . . . . . . .

day of . . . . . . . . . . . . . . . . . . ., 2012, and receipt thereof on the dates shown:

Name of Defendant:                Address:                Date of Service:

_____           _____        _____

_____           _____        _____

                                            _____

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| (1)   TASHAYNA KING, | |
|         Plaintiff, | |
| v. | Case No.: CJ-2018-3245 |
| (2)   BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF TULSA, | |
| (3)   TURN KEY HEALTH CLINICS, LLC, | |
| (4)   JOHN DOES 1-10, | |
|         Defendants. | |

## DISMISSAL WITHOUT PREJUDICE

COMES NOW Plaintiff Tashayna King, by and through her attorneys of record, Bryan and Terrill Law, PLLC, and hereby dismisses all claims against Defendant Turn Key Health Clinics, LLC without prejudice to refiling.

Respectfully submitted,

By: _____

Steven J. Terrill, OBA # 20869
BRYAN & TERRILL LAW, PLLC
9 East 4th St., Suite 307

**EXHIBIT D**

Tulsa, OK 74103
Tele:  (918) 935-2777
Fax:  (918) 935-2778
Email:  sjterrill@bryanterrill.com
*Attorney for Plaintiff*

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

(1)    TASHAYNA KING,

Plaintiff,

v.                                                    Case No.: CJ-2018-3245

(2)    BOARD OF COUNTY
       COMMISSIONERS FOR THE
       COUNTY OF TULSA,

(3)    TURN KEY HEALTH
       CLINICS, LLC

Defendants.

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT BOARD OF COMMISSIONERS FOR THE COUNTY OF TULSA

Pursuant to 12 O.S. §3236 Plaintiff submits the following Admissions to Defendant to be answered in writing, under oath, as provided by law. Admit or deny the following is true:

**REQUEST NO. 1:**  You are properly named in the caption of this lawsuit.

**REQUEST NO. 2:**  Regardless of justification or defense, you caused injury or damages to the Plaintiff.



EXHIBIT E

Respectfully submitted,

BRYAN & TERRILL

_s/J. Spencer Bryan_
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
BRYAN & TERRILL LAW, PLLC
9 E. 4th St., Suite 307
Tulsa, OK 74103
Tele:   (918) 935-2777
Fax:    (918) 935-2778
jsbryan@bryanterrill.com
_Attorneys for Plaintiff_

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019 I served the foregoing on the following persons:

Vic Reglado, in his Official Capacity as Sheriff of Tulsa County
c/o Tulsa Co. Sheriff's Office
303 W 1st St
Tulsa, OK 74103

Turn Key Health Clinics, LLC
c/o Jesse White, Registered Agent
19 NE 50th Street
Oklahoma City, OK 73105

Board of County Commissioners for the County of Tulsa
c/o Michael Willis, Tulsa Co. Clerk
Ray Jordan Administrative Building
500 S. Denver Ave.
Tulsa, OK 74103

_s/J. Spencer Bryan_
J. Spencer Bryan

2

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

(1)    TASHAYNA KING,

                  Plaintiff,

                                                    Case No.: CJ-2018-3245
v.

(2)    BOARD OF COUNTY
       COMMISSIONERS FOR THE
       COUNTY OF TULSA,

(3)    TURN KEY HEALTH
       CLINICS, LLC

                  Defendants.

---

## PLAINTIFF'S FIRST DOCUMENT REQUESTS TO DEFENDANT
## BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF
## TULSA

Pursuant to 12 O.S. § 3234, Plaintiff submits the following Document

Requests to Defendant to be answered in writing as provided by law.

## INSTRUCTIONS

In answering these Document Requests:

1.    Furnish all documents and information in the possession, custody or control of Defendant, Defendant's officers, agents, employees, and attorneys. This includes any document can obtain, acquire or possess without resort to compulsory process.

2.    If Defendant cannot answer any of the following document requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying the inability to answer the remainder, and state whatever information or knowledge Defendant has concerning the unanswered portion.

3. Objections: If any document requests are objected to on any grounds, provide the following information:

      (A)    a detailed statement of the objections setting forth the complete factual basis supporting the objection;

      (B)    if a document request seeks production of a communication, provide (i) the name, address, telephone number and place of employment of all persons present at the time of such communication; (ii) the subject-matter of the communication; (iii) the name of the person to whom the communication was made; (iv) and the location where such communication was had.

4. If the production of any document is objected to on the basis that it is privileged from discovery or has been misplaced or lost, provide as part of your response to the request for production a written list of documents withheld from production, and to each such document state the following:

      (A)    The request the document pertains to;

      (B)    The date of the document;

      (C)    The author's name, title, address, and telephone number;

      (D)    The addressee's name, title, address and telephone number;

      (E)    The name and address of each other person to whom the document was sent or shown;

      (F)    The general character of the document;

      (G)    The present custodians of the document; and

      (H)    The basis on which the document is considered to be privileged from discovery or the reason for which it is unavailable.

5. In the event that any document called for has been destroyed, erased, not preserved, or discarded, identify the document by stating:

      (A)    each addressor and addressee;

      (B)    each carbon or blind copy;

      (C)    the document's date, subject matter, number of pages and attachments or appendices;

      (D)    all persons to whom the document was distributed, shown or explained;

      (E)    the date, manner and reason if destruction or discard; and

      (F)    the person(s) who authorized or permitted such destruction or discard.

6. For any document withheld on the basis of an objection based upon the Oklahoma Rules of Civil Produce, or other discovery objection, the Defendant

is instructed to produce the withheld records consistent with its obligation under the Oklahoma Open Records Act.

7.     Objections to any request must be stated with specificity. The specificity of the objection must state whether any responsive materials are being withheld on the basis of that objection. An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection must state the scope that is not overbroad. Examples would be a statement that the Defendant will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld must identify as matters "withheld" anything beyond the scope of the search specified in the objection.

8.     An objection must state whether anything is being withheld on the basis of the objection. The Defendant does not need to provide a detailed description or log of all documents withheld, but it does need to alert Plaintiff to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."

## Definitions

For the purposes of these Document Requests:

1.     "**Documents**" shall refer to any and all writings or recorded materials, of any kind whatsoever, that are or have been in the possession, custody or control of the Defendant, or of which Defendant has knowledge, whether originals or copies, including but not limited to contracts, correspondence, memoranda, notes, rough drafts, diaries, calendars, summaries, books, interoffice and intraoffice communications, notations of any sort of conversations, logs, forms, bank statements, tax returns, card files, books of account, journals, ledgers, written agreements, bulletins, computer printouts, telefax, invoices, blueprints, diagrams, drawings, worksheets; all drafts, alterations, modifications, changes, and amendments of any of the foregoing; graphic or oral records or representations of any kind (including, but without limitation, tapes, cassettes, videocassettes, photographs, discs, recordings, and computer memories); or other written or printed recorded matter or tangible things on which words, phrases, symbols, or information are affixed.

This definition includes electronically stored information (hereinafter "ESI"), which should be afforded the broadest possible meaning and includes (by

3

way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically or otherwise stored as:

- Digital communications (e.g. email, voice mail, instant messaging);
- E-mail servers (e.g. Lotus Domino, NSF or Microsoft Exchange, EDB);
- Word processed documents (e.g. Word or WordPerfect files and drafts in native format);
- Spreadsheets and tables (e.g. Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);
- Image and Facsimile Files (e.g. .pdf, .tiff, .jpeg .gif images);
- Sound Recordings (e.g. .avi, .wav and .mp3 files);
- Video and Animation (e.g. .avi, and .mov files);
- Databases (e.g. Access, Oracle, SQL Server data, sap);
- Contact and Relationship Management data (e.g. Outlook, ACT!);
- Calendar & Diary Application Data (e.g. Outlook, PST, blog entries);
- Online Access data (e.g. Temporary Internet Files, History, Cookies);
- Presentations (e.g. PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and
- Backup and Archival Files (e.g. Veritas, zip and Gho)

2.  "**Plaintiff**" includes the Plaintiff in the above-caption action, to include any person represented by the Plaintiff in connection with this action as a Next Friend, Special Administrator, or otherwise as context requires, Plaintiff's counsel and all agents, servants, employees, representatives, and others who may have communicated with you on Plaintiff's behalf.

3.  "**You**," "**your**," "**Defendant**," shall refer to Defendant to whom these Interrogatories are directed, Defendant's successors, assigns and all other names by which Defendant at any time has done business or been known, and to Defendant's agents, officers, shareholders, board members, trustees, employees, or other representatives, including but not limited to negotiators, investigators, brokers, servants, attorneys or accountants, and others who may have communicated or obtained information for Defendant or on your behalf. This term is used both singularly and collectively as the context requires.

4

4.      The word "**person**" or "**persons**" shall refer to all individuals and entities, including without limitation all natural persons, individuals, sole proprietorships, associations, companies, partnerships, limited partnership, joint ventures, corporations, trusts, and estates.

5.      "**In full detail**" means to set out in the fullest detail possible all knowledge or information available to Defendant on the subject.

6.      "**Issues in this action**" means any factual issues which are raised in the pleadings in the above captioned action, including any complaint or answer, any motion and/or any amendments of the pleadings filed in the above captioned action.

7.      "**Relates**" or "**relating**" as used herein mean supports, proves, evidences, describes, is associated with, provides background for, explains, or tends to contradict, where appropriate to the context.

8.      "**Identify**" with reference to a person means to furnish information sufficient to enable Plaintiff to identify and locate the person, including to the extent the information is available to you, the full name and present or last known home address, e-mail address, and phone number, and business address, e-mail address, and phone number of the person, together with the partnership, firm, association, corporation or other business, government or legal entity by whom said person is employed or with whom he is affiliated in his position therein.

9.      "**Identify**" with reference to a communication means to give the date or best-known date of the communication, the form of the communication (e.g. in person, telephone, electronic mail, letter), the date of communication, and the content of the communication, and to identify (see prior instruction) all parties making or receiving the communication.

10.     For any word or phrase not otherwise defined herein, Defendant is instructed to apply a reasoned common-sense definition to guide its response. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996). (A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.") To the extent Defendant is still unable to provide a response, Defendant is instructed to use the most recent definition provided by the online version of dictionary.com.

11.     The singular includes the plural and the plural includes the singular where appropriate to the sense of the request.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** Any policy of insurance or indemnity agreement, reinsurance, excess coverage, or errors and omissions policies that may provide coverage for the claims raised in the lawsuit, to include individual and umbrella policies maintained by you to include any homeowner's policies, or coverage extended through any type of membership in any program or purchase of any plan or agreement that may provide coverage for personal liability claims.

**REQUEST NO. 2:** Each Document Defendant may use in defense of this matter, including but not limited to documents listed in disclosures by any Defendant, any document listed in any exhibit list, and any document referenced or relied upon in responding to any Interrogatory, Request for Admission, or Document Request.

**REQUEST NO. 3:** Documents which refer, relate or touch upon any investigation in any way connected to the claims or defenses asserted in the pleadings filed in this case.

**REQUEST NO. 4:** Documents, including but not limited to statements, affidavits, emails, text messages, and recordings, including audio or video, reflecting any image, statement, assertion, contention, or discussions, involving the claims or defenses asserted in the pleadings filed in this case.

**REQUEST NO. 5:** Documents relied upon by any expert witness retained by the Defendant to provide testimony at the trial of this matter.

**REQUEST NO. 6:** With respect to any expert witness retained by the

6

Defendant, provide a copy of the expert's most recent CV.

**REQUEST NO. 7:** Records, reports, or documents of any kind relating in any way to, or identifying the Plaintiff's decedent by name or image that are not otherwise included in any of the above requests.

**REQUEST NO. 8:** Policies, memos, guidelines (however characterized) governing medical and chronic care services provided at the David L. Moss Criminal Justice Center in September 2016.

**REQUEST NO. 10:** For the three years preceding the incident through present, audits, quality assurance reports, or other analysis or evaluation (however characterized) regarding the medical and chronic care services provided at the David L. Moss Criminal Justice Center.

**REQUEST NO. 11:** Documents regarding each DLMCJC employee or contractor that interacted with Tashayna King in September 2016 that address the following subjects: (1) resume, application, contract, or hiring documents; (2) training records and curriculum; (3) time and attendance records; (4) complaints, write-ups, investigations, or grievances; (5) separation records; and (6) incentive pay or bonus opportunities.

**REQUEST NO. 12:** Contracts, agreements, policies, formulary records, and other documents that memorialize chronic care practices at the David L. Moss Criminal Justice Center in September 2016 from admission to discharge.

**REQUEST NO. 13:** For the five years preceding the incident to the present, documents identifying each occasion where DLMCJC was accused of

7

improper care in relation to the management of a chronic medical condition.

**REQUEST NO. 14:**        Produce any medical administration log for Plaintiff.

**REQUEST NO. 15:**        Produce any Internal Clinic Referral Form for Plaintiff arising from her detention at the David L. Moss Criminal Justice Center.

**REQUEST NO. 16:**        For each encounter between you and Plaintiff, produce the Nursing Assessment Protocol.

**REQUEST NO. 17:**        In September and October of 2016, produce any policy, guidance, training, or standards to address when you would triage requests submitted to determine if the request involved a need for emergent health care as opposed to non-emergent care.

**REQUEST NO. 18:**        Produce each Specialty Services Request Form and approval related to the September 2016 detention of Plaintiff.

**REQUEST NO. 19:**        Produce each treatment plan related to the September 2017 detention of Plaintiff.

**REQUEST NO. 20:**        Produce any individualized treatment plan for Plaintiff involving her September 2016 detention.

Respectfully submitted,

BRYAN & TERRILL

_s/J. Spencer Bryan_
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
BRYAN & TERRILL LAW, PLLC
9 E. 4th St., Suite 307
Tulsa, OK 74103
Tele:  (918) 935-2777
Fax:   (918) 935-2778
jsbryan@bryanterrill.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019 I served the foregoing on the following persons:

Vic Reglado, in his Official Capacity as Sheriff of Tulsa County
c/o Tulsa Co. Sheriff's Office
303 W 1st St
Tulsa, OK 74103

Turn Key Health Clinics, LLC
c/o Jesse White, Registered Agent
19 NE 50th Street
Oklahoma City, OK 73105

Board of County Commissioners for the County of Tulsa
c/o Michael Willis, Tulsa Co. Clerk
Ray Jordan Administrative Building
500 S. Denver Ave.

9

Tulsa, OK 74103

*s/J. Spencer Bryan*
J. Spencer Bryan

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| (1) | TASHAYNA KING, | |
| | Plaintiff, | |
| v. | | Case No.: 2018-3245 |
| (2) | BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF TULSA, | |
| (3) | TURN KEY HEALTH CLINICS, LLC | |
| | Defendants. | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF TULSA

Pursuant to 12 O.S. § 2033 Plaintiff submits the following Interrogatories to Defendant to be answered in writing, under oath, as provided by law.

## INSTRUCTIONS

In answering these Interrogatories:

1.     Furnish all information in the possession, custody or control of Defendant, its officers, agents, employees, and attorneys.  This includes any information Defendant may obtain, acquire or possess without resort to compulsory process.

2.     If Defendant cannot answer any of the following interrogatories in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying the inability to answer the remainder, and state whatever information or knowledge Defendant has concerning the unanswered portion.

3.     If Defendant objects to any interrogatory, please identify the general nature and the basis for each objection so that Plaintiff may determine whether to file and argue a Motion to Compel Answers to Interrogatories.  *State ex rel. Atchison, Topeka & Santa Fe Railroad v. O'Malley*, 898 S.W.2d 550, 554 (Mo. banc 1995).

4.     If a proper objection is made, Defendant still has the obligation to answer as much of the interrogatory as it can.  *See* 8A C. A. Wright, A. R. Miller, & R. L. Marcus Federal Practice & Procedure § 2173 (2d ed. 1994).

5.     Objections: If any interrogatory is objected to on any grounds, provide the following information:
- (A)  a detailed statement of the objections setting forth the complete factual basis supporting the objection;
- (B)  if an interrogatory seeks information regarding a communication, provide (i) the name, address, telephone number and place of employment of all persons present at the time of such communication; (ii) the subject-matter of the communication; (iii) the name of the person to whom the communication was made; (iv) and the location where such communication was had.

6.     If an interrogatory is objected to on the basis that the information is privileged from discovery or is unavailable, or not capable of being production, provide as part of your response to the interrogatory a written list of the information withheld, and to each category of information state the following:
- (A)  The interrogatory to which the information pertains;
- (B)  The date of the information;
- (C)  The name, title, address, and telephone number of the person(s) with knowledge of the information;
- (D)  The name, title, address and telephone number of the person(s) to whom the information was disclosed;
- (E)  The name and address of each other person to whom the information was disclosed;
- (F)  The general character of the information being withheld;
- (G)  The present custodians of any documents memorializing the information being withheld; and
- (H)  The basis on which the information is considered to be privileged from discovery or the reason for which it is unavailable.

**Definitions**

For the purposes of these Interrogatories:

1.    "**Documents**" shall refer to any and all writings or recorded materials, of any kind whatsoever, that are or have been in the possession, custody or control of the Defendant, or of which Defendant has knowledge, whether originals or copies, including but not limited to contracts, correspondence, memoranda, notes, rough drafts, diaries, calendars, summaries, books, interoffice and intraoffice communications, notations of any sort of conversations, logs, forms, bank statements, tax returns, card files, books of account, journals, ledgers, written agreements, bulletins, computer printouts, telefax, invoices, blueprints, diagrams, drawings, worksheets; all drafts, alterations, modifications, changes, and amendments of any of the foregoing; graphic or oral records or representations of any kind (including, but without limitation, tapes, cassettes, videocassettes, photographs, discs, recordings, and computer memories); or other written or printed recorded matter or tangible things on which words, phrases, symbols, or information are affixed.

This definition includes electronically stored information (hereinafter "ESI"), which should be afforded the broadest possible meaning and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically or otherwise stored as:

- Digital communications (e.g. email, voice mail, instant messaging);
- E-mail servers (e.g. Lotus Domino, NSF or Microsoft Exchange, EDB);
- Word processed documents (e.g. Word or WordPerfect files and drafts in native format);
- Spreadsheets and tables (e.g. Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);
- Image and Facsimile Files (e.g. .pdf, .tiff, .jpeg .gif images);
- Sound Recordings (e.g. .avi, .wav and .mp3 files);
- Video and Animation (e.g. .avi, and .mov files);
- Databases (e.g. Access, Oracle, SQL Server data, sap);
- Contact and Relationship Management data (e.g. Outlook, ACT!);
- Calendar & Diary Application Data (e.g. Outlook, PST, blog entries);
- Online Access data (e.g. Temporary Internet Files, History, Cookies);
- Presentations (e.g. PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;

- Project Management Application Data;
- Computer Aided Design/Drawing Files; and
- Backup and Archival Files (e.g. Veritas, zip and Gho)

2.      "**Plaintiff**" includes the Plaintiff in the above-caption action, to include any person represented by the Plaintiff in connection with this action as a Next Friend, Special Administrator, or otherwise as context requires, Plaintiff's counsel and all agents, servants, employees, representatives, and others who may have communicated with you on Plaintiff's behalf.

3.      "**You**," "**your**," "**Defendant**," shall refer to Defendant to whom these Interrogatories are directed, Defendant's successors, assigns and all other names by which Defendant at any time has done business or been known, and to Defendant's agents, officers, shareholders, board members, trustees, employees, or other representatives, including but not limited to negotiators, investigators, brokers, servants, attorneys or accountants, and others who may have communicated or obtained information for Defendant or on your behalf.  This term is used both singularly and collectively as the context requires.

4.      The word "**person**" or "**persons**" shall refer to all individuals and entities, including without limitation all natural persons, individuals, sole proprietorships, associations, companies, partnerships, limited partnership, joint ventures, corporations, trusts, and estates.

5.      "**In full detail**" means to set out in the fullest detail possible all knowledge or information available to Defendant on the subject.

6.      "**Issues in this action**" means any factual issues which are raised in the pleadings in the above captioned action, including any complaint or answer, any motion and/or any amendments of the pleadings filed in the above captioned action.

7.      "**Relates**" or "**relating**" as used herein mean supports, proves, evidences, describes, is associated with, provides background for, explains, or tends to contradict, where appropriate to the context.

8.      "**Identify**" with reference to a person means to furnish information sufficient to enable Plaintiff to identify and locate the person, including to the extent the information is available to you, the full name and present or last known home address, e-mail address, and phone number, and business address, e-mail address, and phone number of the person, together with the partnership, firm, association, corporation or other business, government or legal entity by whom said person is employed or with whom he is affiliated in his position therein.

4

9.      "**Identify**" with reference to a communication means to give the date or best-known date of the communication, the form of the communication (e.g. in person, telephone, electronic mail, letter), the date of communication, and the content of the communication, and to identify (see prior instruction) all parties making or receiving the communication.

10.     For any word or phrase not otherwise defined herein, Defendant is instructed to apply a reasoned common-sense definition to guide its response. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996). (A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."). To the extent Defendant is still unable to provide a response, Defendant is instructed to use the most recent definition provided by the online version of dictionary.com.

11.     The singular includes the plural and the plural includes the singular where appropriate to the sense of the request.

## INTERROGATORIES

**REQUEST NO. 1:** Identify each person answering these interrogatories by stating each person's name, address, email addresses, social media accounts, telephone number, and his/her position with Defendant.

**REQUEST NO. 2:** Please identify and provide the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, stating for each the specific nature and substance of the knowledge that you believe the person(s) identified may have. This includes, but is not limited to, every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any

5

correspondence, electronic or cellular record, recording, note, calendar, journal, or any other document pertaining to any fact or issue involved in this controversy. For persons who you believe have responsive documents, describe as to each document what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**REQUEST NO. 3:** Identify all persons from whom you, your attorney or any of your agents or employees have obtained a written or verbal statement or affidavit pertaining to issues or facts relevant to this lawsuit.

**REQUEST NO. 4:** State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**REQUEST NO. 5:** With respect to all experts that Defendant may call to give fact or opinion testimony in the trial of this matter, Identify the following:

A.   Name and address of the witness;

B.   The substance or summary of the facts to which the witness is expected to testify;

C.   a complete statement of all opinions the witness will express and the basis and reasons for them;

D.   the facts or data considered by the witness in forming them;

6

E.    any exhibits that will be used to summarize or support them;

F.    the witness's qualifications, including a list of all publications authored in the previous 10 years;

G.    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

H.    a statement of the compensation to be paid for the study and testimony in this case.

**REQUEST NO. 6:** For each Paragraph in Defendant's Answer setting forth either a denial or lack of information, identify with specificity the complete factual basis supporting the denial, or alternatively, describe with particularly the actions taken, including documents reviewed and persons consulted, to determine whether you could admit or deny the Paragraph.

**REQUEST NO. 7:** For each affirmative defense set forth in your Answer, identify and describe with specificity all facts, documents, and witnesses that you contend will support each affirmative defense.

**REQUEST NO. 8:** Identify by name, case number, and court each and every case in the last 10 years in which the Defendant has been named as a party where the allegations implicated each of the following: failure to appropriately ~~classify an inmate based upon medical status and failure to provide appropriate~~ medical care for an emergent medical need.

**REQUEST NO. 9:** Fully identify and describe each encounter between Plaintiff and Defendant's agents or employees during the detention in September

7

2016. At a minimum, your answer must include the following:

a) An accurate summary of the substance of any communications;

b) The identity of each person involved;

c) The location of each encounter.

**REQUEST NO. 10:**    Identify each time in the past 5 years where an audit, an agency, or a vendor for correctional medical services, has stated that you of failed to meet contractual, or other standards, related to the provision of medical care.

Respectfully submitted,

BRYAN & TERRILL

 s/J. Spencer Bryan
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
BRYAN & TERRILL LAW, PLLC
9 E. 4th St., Suite 307
Tulsa, OK 74103
Tele:   (918) 935-2777
Fax:    (918) 935-2778
jsbryan@bryanterrill.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2019 I served the foregoing on the following persons:

Vic Reglado, in his Official Capacity as Sheriff of Tulsa County
c/o Tulsa Co. Sheriff's Office
303 W 1st St
Tulsa, OK 74103

Turn Key Health Clinics, LLC
c/o Jesse White, Registered Agent
19 NE 50th Street
Oklahoma City, OK 73105

Board of County Commissioners for the County of Tulsa
c/o Michael Willis, Tulsa Co. Clerk
Ray Jordan Administrative Building
500 S. Denver Ave.
Tulsa, OK 74103

<div align="center">

*s/J. Spencer Bryan*
J. Spencer Bryan

</div>

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

|  |  |
|---|---|
| (1)    TASHAYNA KING,<br><br>             Plaintiff,<br><br>v.<br><br>(2)    BOARD OF COUNTY<br>       COMMISSIONERS FOR THE<br>       COUNTY OF TULSA,<br><br>(3)    TURN KEY HEALTH<br>       CLINICS, LLC<br><br>              Defendants. | Case No.: CJ-2018-3245 |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT TURN KEY HEALTH CLINICS, LLC

Pursuant to 12 O.S. §3236 Plaintiff submits the following Admissions to Defendant to be answered in writing, under oath, as provided by law. Admit or deny the following is true:

**REQUEST NO. 1:** You are properly named in the caption of this lawsuit.

**REQUEST NO. 2:** Regardless of justification or defense, you caused injury or damages to the Plaintiff.

**REQUEST NO. 3:** You were aware that Plaintiff had an emergent medical.

**REQUEST NO. 4:** You were aware that Plaintiff required hospitalization.

**REQUEST NO. 5:** You were aware that Plaintiff entered David L. Moss with a nephrostomy tube.

**REQUEST NO. 6:** Plaintiff was classified incorrectly based upon her medical status

upon presenting to David L. Moss.

**REQUEST NO. 7:** You were informed that while in custody at David L. Moss,

Plaintiff's nephrostomy tube was no longer working.

Respectfully submitted,

BRYAN & TERRILL

_s/J. Spencer Bryan_
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
BRYAN & TERRILL LAW, PLLC
9 E. 4th St., Suite 307
Tulsa, OK 74103
Tele:  (918) 935-2777
Fax:  (918) 935-2778
jsbryan@bryanterrill.com
_Attorneys for Plaintiff_

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019 I served the foregoing on the following persons:

Vic Reglado, in his Official Capacity as Sheriff of Tulsa County
c/o Tulsa Co. Sheriff's Office
303 W 1st St
Tulsa, OK 74103

Turn Key Health Clinics, LLC
c/o Jesse White, Registered Agent
19 NE 50th Street
Oklahoma City, OK 73105

Board of County Commissioners for the County of Tulsa
c/o Michael Willis, Tulsa Co. Clerk
Ray Jordan Administrative Building
500 S. Denver Ave.
Tulsa, OK 74103

<div align="center" style="margin-left:40%">

_s/J. Spencer Bryan_
J. Spencer Bryan

</div>

# IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| (1)    TASHAYNA KING, | |
|                 Plaintiff, | |
| v. | Case No.: CJ-2018-3245 |
| (2)    BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF TULSA, | |
| (3)    TURN KEY HEALTH CLINICS, LLC | |
|                 Defendants. | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT TURN KEY HEALH SERVICES, LLC

Pursuant to 12 O.S. § 2033 Plaintiff submits the following Interrogatories to Defendant to be answered in writing, under oath, as provided by law.

## INSTRUCTIONS

In answering these Interrogatories:

1.    Furnish all information in the possession, custody or control of Defendant, its officers, agents, employees, and attorneys.  This includes any information Defendant may obtain, acquire or possess without resort to compulsory process.

2.    If Defendant cannot answer any of the following interrogatories in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying the inability to answer the remainder, and state whatever information or knowledge Defendant has concerning the unanswered portion.

3.      If Defendant objects to any interrogatory, please identify the general nature and the basis for each objection so that Plaintiff may determine whether to file and argue a Motion to Compel Answers to Interrogatories. *State ex rel. Atchison, Topeka & Santa Fe Railroad v. O'Malley*, 898 S.W.2d 550, 554 (Mo. banc 1995).

4.      If a proper objection is made, Defendant still has the obligation to answer as much of the interrogatory as it can. *See* 8A C. A. Wright, A. R. Miller, & R. L. Marcus Federal Practice & Procedure § 2173 (2d ed. 1994).

5.      Objections: If any interrogatory is objected to on any grounds, provide the following information:
  (A)   a detailed statement of the objections setting forth the complete factual basis supporting the objection;
  (B)   if an interrogatory seeks information regarding a communication, provide (i) the name, address, telephone number and place of employment of all persons present at the time of such communication; (ii) the subject-matter of the communication; (iii) the name of the person to whom the communication was made; (iv) and the location where such communication was had.

6.      If an interrogatory is objected to on the basis that the information is privileged from discovery or is unavailable, or not capable of being production, provide as part of your response to the interrogatory a written list of the information withheld, and to each category of information state the following:
  (A)   The interrogatory to which the information pertains;
  (B)   The date of the information;
  (C)   The name, title, address, and telephone number of the person(s) with knowledge of the information;
  (D)   The name, title, address and telephone number of the person(s) to whom the information was disclosed;
  (E)   The name and address of each other person to whom the information was disclosed;
  (F)   The general character of the information being withheld;
  (G)   The present custodians of any documents memorializing the information being withheld; and
  (H)   The basis on which the information is considered to be privileged from discovery or the reason for which it is unavailable.

## Definitions

2

For the purposes of these Interrogatories:

1.    "**Documents**" shall refer to any and all writings or recorded materials, of any kind whatsoever, that are or have been in the possession, custody or control of the Defendant, or of which Defendant has knowledge, whether originals or copies, including but not limited to contracts, correspondence, memoranda, notes, rough drafts, diaries, calendars, summaries, books, interoffice and intraoffice communications, notations of any sort of conversations, logs, forms, bank statements, tax returns, card files, books of account, journals, ledgers, written agreements, bulletins, computer printouts, telefax, invoices, blueprints, diagrams, drawings, worksheets; all drafts, alterations, modifications, changes, and amendments of any of the foregoing; graphic or oral records or representations of any kind (including, but without limitation, tapes, cassettes, videocassettes, photographs, discs, recordings, and computer memories); or other written or printed recorded matter or tangible things on which words, phrases, symbols, or information are affixed.

This definition includes electronically stored information (hereinafter "ESI"), which should be afforded the broadest possible meaning and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically or otherwise stored as:

- Digital communications (e.g. email, voice mail, instant messaging);
- E-mail servers (e.g. Lotus Domino, NSF or Microsoft Exchange, EDB);
- Word processed documents (e.g. Word or WordPerfect files and drafts in native format);
- Spreadsheets and tables (e.g. Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);
- Image and Facsimile Files (e.g. .pdf, .tiff, .jpeg .gif images);
- Sound Recordings (e.g. .avi, .wav and .mp3 files);
- Video and Animation (e.g. .avi, and .mov files);
- Databases (e.g. Access, Oracle, SQL Server data, sap);
- Contact and Relationship Management data (e.g. Outlook, ACT!);
- Calendar & Diary Application Data (e.g. Outlook, PST, blog entries);
- Online Access data (e.g. Temporary Internet Files, History, Cookies);
- Presentations (e.g. PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;

- Project Management Application Data;
- Computer Aided Design/Drawing Files; and
- Backup and Archival Files (e.g. Veritas, zip and Gho)

2.     "**Plaintiff**" includes the Plaintiff in the above-caption action, to include any person represented by the Plaintiff in connection with this action as a Next Friend, Special Administrator, or otherwise as context requires, Plaintiff's counsel and all agents, servants, employees, representatives, and others who may have communicated with you on Plaintiff's behalf.

3.     "**You**," "**your**," "**Defendant**," shall refer to Defendant to whom these Interrogatories are directed, Defendant's successors, assigns and all other names by which Defendant at any time has done business or been known, and to Defendant's agents, officers, shareholders, board members, trustees, employees, or other representatives, including but not limited to negotiators, investigators, brokers, servants, attorneys or accountants, and others who may have communicated or obtained information for Defendant or on your behalf.  This term is used both singularly and collectively as the context requires.

4.     The word "**person**" or "**persons**" shall refer to all individuals and entities, including without limitation all natural persons, individuals, sole proprietorships, associations, companies, partnerships, limited partnership, joint ventures, corporations, trusts, and estates.

5.     "**In full detail**" means to set out in the fullest detail possible all knowledge or information available to Defendant on the subject.

6.     "**Issues in this action**" means any factual issues which are raised in the pleadings in the above captioned action, including any complaint or answer, any motion and/or any amendments of the pleadings filed in the above captioned action.

7.     "**Relates**" or "**relating**" as used herein mean supports, proves, evidences, describes, is associated with, provides background for, explains, or tends to contradict, where appropriate to the context.

8.     "**Identify**" with reference to a person means to furnish information sufficient to enable Plaintiff to identify and locate the person, including to the extent the information is available to you, the full name and present or last known home address, e-mail address, and phone number, and business address, e-mail address, and phone number of the person, together with the partnership, firm, association, corporation or other business, government or legal entity by whom said person is employed or with whom he is affiliated in his position therein.

4

9.     "**Identify**" with reference to a communication means to give the date or best-known date of the communication, the form of the communication (e.g. in person, telephone, electronic mail, letter), the date of communication, and the content of the communication, and to identify (see prior instruction) all parties making or receiving the communication.

10.     For any word or phrase not otherwise defined herein, Defendant is instructed to apply a reasoned common-sense definition to guide its response. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996). (A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."). To the extent Defendant is still unable to provide a response, Defendant is instructed to use the most recent definition provided by the online version of dictionary.com.

11.     The singular includes the plural and the plural includes the singular where appropriate to the sense of the request.

## INTERROGATORIES

**REQUEST NO. 1:** Identify each person answering these interrogatories by stating each person's name, address, email addresses, social media accounts, telephone number, and his/her position with Defendant.

**REQUEST NO. 2:** Please identify and provide the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, stating for each the specific nature and substance of the knowledge that you believe the person(s) identified may have. This includes, but is not limited to, every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any

correspondence, electronic or cellular record, recording, note, calendar, journal, or any other document pertaining to any fact or issue involved in this controversy. For persons who you believe have responsive documents, describe as to each document what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**REQUEST NO. 3:** Identify all persons from whom you, your attorney or any of your agents or employees have obtained a written or verbal statement or affidavit pertaining to issues or facts relevant to this lawsuit.

**REQUEST NO. 4:** State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**REQUEST NO. 5:** With respect to all experts that Defendant may call to give fact or opinion testimony in the trial of this matter, Identify the following:

A.   Name and address of the witness;

B.   The substance or summary of the facts to which the witness is expected to testify;

C.   a complete statement of all opinions the witness will express and the basis and reasons for them;

D.   the facts or data considered by the witness in forming them;

6

E.      any exhibits that will be used to summarize or support them;

F.      the witness's qualifications, including a list of all publications authored in the previous 10 years;

G.      a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

H.      a statement of the compensation to be paid for the study and testimony in this case.

**REQUEST NO. 6:** For each Paragraph in Defendant's Answer setting forth either a denial or lack of information, identify with specificity the complete factual basis supporting the denial, or alternatively, describe with particularly the actions taken, including documents reviewed and persons consulted, to determine whether you could admit or deny the Paragraph.

**REQUEST NO. 7:** For each affirmative defense set forth in your Answer, identify and describe with specificity all facts, documents, and witnesses that you contend will support each affirmative defense.

**REQUEST NO. 8:** Identify by name, case number, and court each and every case in the last 10 years in which the Defendant has been named as a party where the allegations implicated each of the following: failure to appropriately classify an inmate based upon medical status and failure to provide appropriate medical care for an emergent medical need.

**REQUEST NO. 9:** Fully identify and describe each encounter between Plaintiff and Defendant's agents or employees during the detention in September

7

2016. At a minimum, your answer must include the following:

    a)    An accurate summary of the substance of any communications;

    b)    The identity of each person involved;

    c)    The location of each encounter.

**REQUEST NO. 10:**    Identify each time in the past 10 years where an audit, an agency, or a vendor for correctional medical services, has stated that you of failed to meet contractual, or other standards, related to the provision of medical care.

Respectfully submitted,

BRYAN & TERRILL

  *s/J. Spencer Bryan*
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
BRYAN & TERRILL LAW, PLLC
9 E. 4th St., Suite 307
Tulsa, OK 74103
Tele:  (918) 935-2777
Fax:  (918) 935-2778
jsbryan@bryanterrill.com
*Attorneys for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019 I served the foregoing on the following persons:

Vic Reglado, in his Official Capacity as Sheriff of Tulsa County
c/o Tulsa Co. Sheriff's Office
303 W 1st St
Tulsa, OK 74103

Turn Key Health Clinics, LLC
c/o Jesse White, Registered Agent
19 NE 50th Street
Oklahoma City, OK 73105

Board of County Commissioners for the County of Tulsa
c/o Michael Willis, Tulsa Co. Clerk
Ray Jordan Administrative Building
500 S. Denver Ave.
Tulsa, OK 74103

*s/J. Spencer Bryan*
J. Spencer Bryan

9

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

|  |  |
|---|---|
| (1)    TASHAYNA KING, | |
|              Plaintiff, | |
| v. | Case No.: CJ-2018-3245 |
| (2)    BOARD OF COUNTY<br>        COMMISSIONERS FOR THE<br>        COUNTY OF TULSA, | |
| (3)    TURN KEY HEALTH<br>        CLINICS, LLC | |
|              Defendants. | |

## PLAINTIFF'S FIRST DOCUMENT REQUESTS TO DEFENDANT TURN KEY HEALTH SERVICES, LLC

Pursuant to 12 O.S. § 3234, Plaintiff submits the following Document Requests to Defendant to be answered in writing as provided by law.

## INSTRUCTIONS

In answering these Document Requests:

1.    Furnish all documents and information in the possession, custody or control of Defendant, Defendant's officers, agents, employees, and attorneys. This includes any document can obtain, acquire or possess without resort to compulsory process.

2.    If Defendant cannot answer any of the following document requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying the inability to answer the remainder, and state whatever information or knowledge Defendant has concerning the unanswered portion.

3.     Objections: If any document requests are objected to on any grounds, provide the following information:

> (A)   a detailed statement of the objections setting forth the complete factual basis supporting the objection;
>
> (B)   if a document request seeks production of a communication, provide (i) the name, address, telephone number and place of employment of all persons present at the time of such communication; (ii) the subject-matter of the communication; (iii) the name of the person to whom the communication was made; (iv) and the location where such communication was had.

4.     If the production of any document is objected to on the basis that it is privileged from discovery or has been misplaced or lost, provide as part of your response to the request for production a written list of documents withheld from production, and to each such document state the following:

> (A)   The request the document pertains to;
>
> (B)   The date of the document;
>
> (C)   The author's name, title, address, and telephone number;
>
> (D)   The addressee's name, title, address and telephone number;
>
> (E)   The name and address of each other person to whom the document was sent or shown;
>
> (F)   The general character of the document;
>
> (G)   The present custodians of the document; and
>
> (H)   The basis on which the document is considered to be privileged from discovery or the reason for which it is unavailable.

5.     In the event that any document called for has been destroyed, erased, not preserved, or discarded, identify the document by stating:

> (A)   each addressor and addressee;
>
> (B)   each carbon or blind copy;
>
> (C)   the document's date, subject matter, number of pages and attachments or appendices;
>
> (D)   all persons to whom the document was distributed, shown or explained;
>
> (E)   the date, manner and reason if destruction or discard; and
>
> (F)   the person(s) who authorized or permitted such destruction or discard.

6.     For any document withheld on the basis of an objection based upon the Oklahoma Rules of Civil Produce, or other discovery objection, the Defendant

2

is instructed to produce the withheld records consistent with its obligation under the Oklahoma Open Records Act.

7.      Objections to any request must be stated with specificity. The specificity of the objection must state whether any responsive materials are being withheld on the basis of that objection. An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection must state the scope that is not overbroad. Examples would be a statement that the Defendant will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld must identify as matters "withheld" anything beyond the scope of the search specified in the objection.

8.      An objection must state whether anything is being withheld on the basis of the objection. The Defendant does not need to provide a detailed description or log of all documents withheld, but it does need to alert Plaintiff to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."

## Definitions

For the purposes of these Document Requests:

1.      "**Documents**" shall refer to any and all writings or recorded materials, of any kind whatsoever, that are or have been in the possession, custody or control of the Defendant, or of which Defendant has knowledge, whether originals or copies, including but not limited to contracts, correspondence, memoranda, notes, rough drafts, diaries, calendars, summaries, books, interoffice and intraoffice communications, notations of any sort of conversations, logs, forms, bank statements, tax returns, card files, books of account, journals, ledgers, written agreements, bulletins, computer printouts, telefax, invoices, blueprints, diagrams, drawings, worksheets; all drafts, alterations, modifications, changes, and amendments of any of the foregoing; graphic or oral records or representations of any kind (including, but without limitation, tapes, cassettes, videocassettes, photographs, discs, recordings, and computer memories); or other written or printed recorded matter or tangible things on which words, phrases, symbols, or information are affixed.

This definition includes electronically stored information (hereinafter "ESI"), which should be afforded the broadest possible meaning and includes (by

way of example and not as an exclusive list) potentially relevant information electronically, magnetically, optically or otherwise stored as:

- Digital communications (e.g. email, voice mail, instant messaging);
- E-mail servers (e.g. Lotus Domino, NSF or Microsoft Exchange, EDB);
- Word processed documents (e.g. Word or WordPerfect files and drafts in native format);
- Spreadsheets and tables (e.g. Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);
- Image and Facsimile Files (e.g. .pdf, .tiff, .jpeg .gif images);
- Sound Recordings (e.g. .avi, .wav and .mp3 files);
- Video and Animation (e.g. .avi, and .mov files);
- Databases (e.g. Access, Oracle, SQL Server data, sap);
- Contact and Relationship Management data (e.g. Outlook, ACT!);
- Calendar & Diary Application Data (e.g. Outlook, PST, blog entries);
- Online Access data (e.g. Temporary Internet Files, History, Cookies);
- Presentations (e.g. PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and
- Backup and Archival Files (e.g. Veritas, zip and Gho)

2.     "**Plaintiff**" includes the Plaintiff in the above-caption action, to include any person represented by the Plaintiff in connection with this action as a Next Friend, Special Administrator, or otherwise as context requires, Plaintiff's counsel and all agents, servants, employees, representatives, and others who may have communicated with you on Plaintiff's behalf.

3.     "**You**," "**your**," "**Defendant**," shall refer to Defendant to whom these Interrogatories are directed, Defendant's successors, assigns and all other names by which Defendant at any time has done business or been known, and to Defendant's agents, officers, shareholders, board members, trustees, employees, or other representatives, including but not limited to negotiators, investigators, brokers, servants, attorneys or accountants, and others who may have communicated or obtained information for Defendant or on your behalf. This term is used both singularly and collectively as the context requires.

4.     The word "**person**" or "**persons**" shall refer to all individuals and entities, including without limitation all natural persons, individuals, sole proprietorships, associations, companies, partnerships, limited partnership, joint ventures, corporations, trusts, and estates.

5.     "**In full detail**" means to set out in the fullest detail possible all knowledge or information available to Defendant on the subject.

6.     "**Issues in this action**" means any factual issues which are raised in the pleadings in the above captioned action, including any complaint or answer, any motion and/or any amendments of the pleadings filed in the above captioned action.

7.     "**Relates**" or "**relating**" as used herein mean supports, proves, evidences, describes, is associated with, provides background for, explains, or tends to contradict, where appropriate to the context.

8.     "**Identify**" with reference to a person means to furnish information sufficient to enable Plaintiff to identify and locate the person, including to the extent the information is available to you, the full name and present or last known home address, e-mail address, and phone number, and business address, e-mail address, and phone number of the person, together with the partnership, firm, association, corporation or other business, government or legal entity by whom said person is employed or with whom he is affiliated in his position therein.

9.     "**Identify**" with reference to a communication means to give the date or best-known date of the communication, the form of the communication (e.g. in person, telephone, electronic mail, letter), the date of communication, and the content of the communication, and to identify (see prior instruction) all parties making or receiving the communication.

10.    For any word or phrase not otherwise defined herein, Defendant is instructed to apply a reasoned common-sense definition to guide its response. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996). (A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.") To the extent Defendant is still unable to provide a response, Defendant is instructed to use the most recent definition provided by the online version of dictionary.com.

11.    The singular includes the plural and the plural includes the singular where appropriate to the sense of the request.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** Any policy of insurance or indemnity agreement, reinsurance, excess coverage, or errors and omissions policies that may provide coverage for the claims raised in the lawsuit, to include individual and umbrella policies maintained by you to include any homeowner's policies, or coverage extended through any type of membership in any program or purchase of any plan or agreement that may provide coverage for personal liability claims.

**REQUEST NO. 2:** Each Document Defendant may use in defense of this matter, including but not limited to documents listed in disclosures by any Defendant, any document listed in any exhibit list, and any document referenced or relied upon in responding to any Interrogatory, Request for Admission, or Document Request.

**REQUEST NO. 3:** Documents which refer, relate or touch upon any investigation in any way connected to the claims or defenses asserted in the pleadings filed in this case.

**REQUEST NO. 4:** Documents, including but not limited to statements, affidavits, emails, text messages, and recordings, including audio or video, reflecting any image, statement, assertion, contention, or discussions, involving the claims or defenses asserted in the pleadings filed in this case.

**REQUEST NO. 5:** Documents relied upon by any expert witness retained by the Defendant to provide testimony at the trial of this matter.

**REQUEST NO. 6:** With respect to any expert witness retained by the

Defendant, provide a copy of the expert's most recent CV.

**REQUEST NO. 7:** Records, reports, or documents of any kind relating in any way to, or identifying the Plaintiff's decedent by name or image that are not otherwise included in any of the above requests.

**REQUEST NO. 8:** Policies, memos, guidelines (however characterized) governing medical and chronic care services provided at the David L. Moss Criminal Justice Center in September 2016.

**REQUEST NO. 9:** For the three years preceding the incident through present, records identifying Turn Key's revenue and expenses at the David. L. Criminal Justice Center, along with records identifying Turn Key's gross profits from all revenue sources for the last 3 years.

**REQUEST NO. 10:** For the three years preceding the incident through present, audits, quality assurance reports, or other analysis or evaluation (however characterized) regarding thc medical and chronic care services Turn Key provided at the David L. Moss Criminal Justice Center.

**REQUEST NO. 11:** Documents regarding each Turn Key employee or contractor that interacted with Tashayna King in September 2016 that address the following subjects: (1) resume, application, contract, or hiring documents; (2) training records and curriculum; (3) time and attendance records; (4) complaints, write-ups, investigations, or grievances; (5) separation records; and (6) incentive pay or bonus opportunities.

**REQUEST NO. 12:** Contracts, agreements, policies, formulary

7

records, and other documents that memorialize Turn Key's chronic care practices at the David L. Moss Criminal Justice Center in September 2016 from admission to discharge.

**REQUEST NO. 13:**     For the five years preceding the incident to the present, documents identifying each occasion where Turn Key was accused of improper care in relation to the management of a chronic medical condition.

**REQUEST NO. 14:**     Produce any medical administration log for Plaintiff.

**REQUEST NO. 15:**     Produce any Internal Clinic Referral Form for Plaintiff arising from her detention at the David L. Moss Criminal Justice Center.

**REQUEST NO. 16:**     For each encounter between you and Plaintiff, produce the Nursing Assessment Protocol.

**REQUEST NO. 17:**     In September and October of 2016, produce any policy, guidance, training, or standards to address when you would triage requests submitted to determine if the request involved a need for emergent health care as opposed to non-emergent care.

**REQUEST NO. 18:**     Produce each Specialty Services Request Form and approval related to the September 2016 detention of Plaintiff.

~~**REQUEST NO. 19:**     Produce each treatment plan related to the~~ September 2017 detention of Plaintiff.

**REQUEST NO. 20:**     Produce any individualized treatment plan for Plaintiff involving her September 2016 detention.

8

Respectfully submitted,

BRYAN & TERRILL

 s/J. Spencer Bryan
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
BRYAN & TERRILL LAW, PLLC
9 E. 4th St., Suite 307
Tulsa, OK 74103
Tele:  (918) 935-2777
Fax:   (918) 935-2778
jsbryan@bryanterrill.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019 I served the foregoing on the following persons:

Vic Reglado, in his Official Capacity as Sheriff of Tulsa County
c/o Tulsa Co. Sheriff's Office
303 W 1st St
Tulsa, OK 74103

~~Turn Key Health Clinics, LLC~~
c/o Jesse White, Registered Agent
19 NE 50th Street
Oklahoma City, OK 73105

Board of County Commissioners for the County of Tulsa
c/o Michael Willis, Tulsa Co. Clerk

9



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA

| | |
|---|---|
| TASHAYNA KING,<br>        Plaintiff,<br><br>v.<br><br>TULSA COUNTY BOARD OF COMMISSIONERS,<br>        Defendant, and<br>VIC REGALADO<br>TULSA COUNTY SHERIFF,<br>        Defendant, and<br>TURN KEY HEALTH CLINICS LLC,<br>        Defendant, and<br>JOHN DOES 1-10<br>        Defendant. | **No. CJ-2018-3245**<br>**(Civil relief more than $10,000: NEGLIGENCE**<br>**(GENERAL))**<br><br>Filed: 08/03/2018<br><br><br>Judge: Nightingale, Rebecca B. |

# PARTIES

KING,  TASHAYNA, Plaintiff
TULSA COUNTY BOARD OF COMMISSIONERS, Defendant
TULSA COUNTY SHERIFF, Defendant
TURN KEY HEALTH CLINICS  LLC, Defendant

# ATTORNEYS

| **Attorney** | **Represented Parties** |
|---|---|
| BRYAN,  J  SPENCER (Bar #19419)<br>BRYAN & TERRILL LAW PLLC<br>9 EAST 4TH ST., SUITE 600<br>TULSA, OK 74103 | KING,   TASHAYNA |

# EVENTS

None

# ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

EXHIBIT F

**Issue # 1:**   Issue: NEGLIGENCE (GENERAL) (NEGL)
Filed By: KING, TASHAYNA
Filed Date: 08/03/2018

| Party Name | Disposition Information |
|---|---|
| **Defendant:** | |
| TULSA COUNTY BOARD OF COMMISSIONERS | |
| **Defendant:** TULSA COUNTY SHERIFF | |
| **Defendant:** TURN KEY HEALTH CLINICS LLC | |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 08-03-2018 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 08-03-2018 | NEGL | NEGLIGENCE (GENERAL) | | | |
| 08-03-2018 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 08-03-2018 | PFE1 | PETITION<br>Document Available (#1040337245) 📄TIFF   📄PDF | | | $ 163.00 |
| 08-03-2018 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 08-03-2018 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 08-03-2018 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 08-03-2018 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 08-03-2018 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 08-03-2018 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 08-03-2018 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 08-03-2018 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 08-03-2018 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 08-03-2018 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 08-03-2018 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 08-03-2018 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 08-03-2018 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 08-03-2018 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 08-03-2018 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 08-03-2018 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE NIGHTINGALE, REBECCA B. TO THIS CASE. | | | |
| 08-03-2018 | ACCOUNT | RECEIPT # 2018-3806006 ON 08/03/2018.<br>PAYOR: BRYAN & TERRILL LAW PLLC TOTAL AMOUNT PAID: $ 242.14.<br>LINE ITEMS:<br>CJ-2018-3245: $173.00 ON AC01 CLERK FEES.<br>CJ-2018-3245: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.<br>CJ-2018-3245: $1.66 ON AC31 COURT CLERK REVOLVING FUND.<br>CJ-2018-3245: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.<br>CJ-2018-3245: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.<br>CJ-2018-3245: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.<br>CJ-2018-3245: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.<br>CJ-2018-3245: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.<br>CJ-2018-3245: $25.00 ON AC79 OCIS REVOLVING FUND.<br>CJ-2018-3245: $10.00 ON AC81 LENGTHY TRIAL FUND.<br>CJ-2018-3245: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 08-10-2018 | SMF | SUMMONS FEE-2 | | | $ 20.00 |
| 08-10-2018 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 08-10-2018 | ADJUST | ADJUSTING ENTRY: MONIES DUE TO AC09-CARD ALLOCATION | | | $ 0.50 |
| 08-10-2018 | ACCOUNT | ADJUSTING ENTRY: MONIES DUE TO THE FOLLOWING AGENCIES REDUCED BY THE FOLLOWING AMOUNTS:<br>CJ-2018-3245: AC01 CLERK FEES -$0.50 | | | |
| 08-10-2018 | ACCOUNT | RECEIPT # 2018-3809559 ON 08/10/2018.<br>PAYOR: TERRILL/STEVEN TOTAL AMOUNT PAID: $ 20.00.<br>LINE ITEMS:<br>CJ-2018-3245: $19.50 ON AC01 CLERK FEES.<br>CJ-2018-3245: $0.50 ON AC09 CARD ALLOCATIONS. | | | |
| 01-30-2019 | CTFREE | NIGHTINGALE, REBECCA: NOTICE OF IMPENDING DISMISSAL FOR FAILURE TO OBTAIN SERVICE WITHIN 180 DAYS; PLAINTIFF HAS UNTIL 2-19-19 TO OBTAIN SERVICE OR FILE AN APPROPRIATE MOTION OR PLEADING TO SHOW GOOD CAUSE OR THE CASE WILL BE DISMISSED; CLERK FILED THE NOTICE AND MAILED A COPY TO SPENCER BRYAN. | | | |